**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 19-24859-CIV-GOODMAN**
**[CONSENT CASE]**

FOREMOST SIGNATURE INS. CO.,

      Plaintiff,

v.

SILVERBOYS, LLC, et al.,

      Defendants.

_____/

SOJO DESIGN, LLC, SOFIA JOELSSON, and
XAVIER COE a/k/a CHAYANNE COE,

      Third-Party Plaintiffs,

v.

LLOYD'S SYNDICATE 3624 (HISCOX), et al.,

      Third-Party Defendants.

_____/

## ORDER ON MOTION TO DISMISS THIRD-PARTY COMPLAINT

This is an action that started with a complaint for declaratory relief filed by

Plaintiff Foremost Signature Insurance Company ("Foremost") seeking judgment that it

had no duty to defend or indemnify SoJo Design, LLC ("SoJo"), Sofia Joelsson

("Joelsson"), or Xavier Coe a/k/a Chayanne Coe's ("Coe") (collectively, the "SoJo

Defendants"). The SoJo Defendants filed an Answer and Affirmative Defenses; a

Counterclaim against Foremost; and a Third-Party Complaint against Lloyd's Syndicate 3624 (Hiscox) ("Hiscox") and Wicker, Smith, O'Hara, McCoy & Ford, P.A. ("Wicker Smith").[1] [ECF No. 133]. This Order addresses Hiscox's Motion to Dismiss the SoJo Defendants' Third-Party Complaint. [ECF No. 150].

For the reasons outlined below, the Court **grants** Hiscox's Motion to Dismiss.

## I.    Factual Background

On July 12, 2016, Silverboys, LLC ("Silverboys") filed a lawsuit against the SoJo Defendants styled, *Silverboys, LLC v. Sojo Design, LLC, Sofia Joelsson, Xavier Coe a/k/a Chayanne Coe and Robert Whittingham* in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida (the "State Court Action"). [ECF No. 44-1]. The SoJo Defendants were insureds under three liability insurance policies that were issued by Foremost (the "Foremost Policies") and under one professional liability insurance policy that was issued by Hiscox (the "Hiscox Policy"). [ECF No. 133, pp. 12-13].

The SoJo Defendants tendered the complaint from the State Court Action to Foremost. [ECF No. 133, p. 13]. Foremost denied coverage for defense or indemnification and filed a declaratory judgment action with this Court, requesting the Court to issue a ruling that it was not required to defend or indemnify the SoJo Defendants in the the State Court Action. [ECF No. 126, p. 4]. Foremost also agreed with Hiscox to equally share

---

[1]    The SoJo Defendants voluntarily dismissed Wicker Smith from the Third-Party Complaint. [ECF No. 186].

the SoJo Defendants' defense costs for the State Court Action (the "Cost-Sharing Agreement"). [ECF No. 133, p. 14].

Ultimately, Foremost obtained summary judgment in its favor, with the Court finding that Foremost had no duty to defend or indemnify the SoJo Defendants in the State Court Action. [ECF No. 126, p. 4]. Silverboys subsequently dismissed the State Court Action. *Id.*

On July 31, 2019, Silverboys filed another lawsuit against the SoJo Defendants in this Court (the "Federal Court Action"). *Id.* Foremost then filed this declaratory judgment action seeking judgment that it was not obligated to defend or indemnify the SoJo Defendants in the Federal Court Action. *Id.* at p. 5.

In response, the SoJo Defendants filed an Answer, Affirmative Defenses, a Counterclaim, and a Third-Party Complaint against Hiscox and Wicker Smith. [ECF No. 133]. The Third-Party Complaint contains a single count against Hiscox for allegedly breaching the Hiscox Policy. *Id.* at pp. 15-20. The SoJo Defendants voluntarily dismissed Wicker Smith from the Third-Party Complaint. [ECF No. 186].

Hiscox moved to dismiss the SoJo Defendants' Third-Party Complaint. [ECF No. 150]. The SoJo Defendants filed an Opposition and Motion to Strike Hiscox's Motion to Dismiss [ECF Nos. 158; 159] and Hiscox filed a reply in support of its Motion to Dismiss [ECF No. 174].

## II.   Legal Standard

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A claimant must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Thus, to prevent dismissal of a complaint under Rule 12(b)(6), "the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level;' if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing *Twombly*, 550 U.S. 544).

## III.    Analysis

In the Third-Party Complaint, the SoJo Defendants assert a single claim against Hiscox, arguing that it breached the Hiscox Policy by: (1) paying the SoJo Defendants' defense costs or damages in the State Court Action before the limits of the Foremost Policies were exhausted by entering the Cost-Sharing Agreement with Foremost; and (2) failing to appoint competent counsel, failing to monitor and effectively control the defense provided by its appointed counsel, and by refusing to appoint new, mutually agreeable counsel. [ECF No. 133, p. 20].

In its Motion to Dismiss, Hiscox argues that (i) the Third-Party Complaint is procedurally improper because it is not dependent on the outcome of Foremost's complaint for declaratory judgment and because Foremost voluntarily dismissed the main action; (ii) the SoJo Defendants are not entitled to recover anything beyond the Hiscox Policy's $250,000 limit, which was already exhausted by the defense costs Hiscox

paid in the State Court Action; (iii) the limits of the Hiscox Policy were not prematurely exhausted by the Cost-Sharing Agreement; and (iv) Hiscox did not breach the Hiscox Policy by failing to appoint competent defense counsel, monitor and control the defense, or appoint mutually agreeable counsel. [ECF No. 150].

### A.     Hiscox was Improperly Joined.

Federal Rule of Civil Procedure 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). According to binding Circuit precedent, "for impleader to be available [under Rule 14] the third party defendant must be liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff;" otherwise, the claim is independent. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967) (internal marks omitted).[2]

The SoJo Defendants argue that the Third-Party Complaint against Hiscox is derivative of Foremost's complaint for declaratory judgment because "[i]f Foremost is successful in disclaiming coverage, the SoJo Defendants will have no other coverage available" for defense in the Federal Court Action because Hiscox "improperly exhausted" the Hiscox Policy's limits by sharing the costs of the State Court Action with Foremost. [ECF No. 158, p. 5]. Further, the SoJo Defendants argue that the Third-Party

---

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

Complaint is "related" to Foremost's declaratory judgment action because Foremost's complaint contains allegations that set out the parties' history and the Third-Party Complaint "stems directly from the parties' history." *Id.*

Finally, the SoJo Defendants contend that the Third-Party Complaint is procedurally proper because "[o]nly upon the filing of Foremost's current declaratory action were the SoJo Defendants able to make a claim for the improperly exhausted limits." *Id.* at p. 6.

The Undersigned is not convinced by the SoJo Defendants' arguments.

Hiscox may not be joined as a party in this suit because there are no circumstances under which Hiscox could be liable "for all or part of [Foremost's] claim against [the SoJo Defendants]." Fed. R. Civ. P. 14(a)(1). Foremost sought a declaratory judgment stating that it had no obligation to defend or indemnify the SoJo Defendants in the Federal Court Action.[3] If Foremost had prevailed, then the result would have been a ruling that stated that Foremost was not obligated to cover the SoJo Defendants' litigation expenses. If Foremost did not prevail, then Foremost might have been required to reimburse the SoJo Defendants for their expenses. Either way, Hiscox would not be liable for any judgment entered against the SoJo Defendants in this lawsuit.

In short, this was a dispute solely between Foremost and the SoJo Defendants, and

---

[3]      Foremost and the SoJo Defendants settled all claims between them, and Foremost voluntarily dismissed its declaratory complaint. [ECF No. 171].

impleader under Rule 14 is unavailable.

This is true even though the third-party claim against Hiscox arises out of the same facts as the main claim and despite the potential efficiencies gained by having all parties in one action. *See Joe Grasso & Son*, 380 F.2d at 751 (recognizing that "when the defendant's right against the third party is merely an outgrowth of the same core of facts which determines the plaintiff's claim, impleader is properly used 'to reduce litigation by having one lawsuit do the work of two,'" but applying "the obverse rule . . . that an entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim.") (citations omitted); *see also United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987) ("Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim."), *cert. denied*, 484 U.S. 851 (1987).

The SoJo Defendants' breach of contract claim against Hiscox for actions taken in the State Court Action is not derivative of Foremost's declaratory judgment action. Furthermore, the SoJo Defendants' contention that the Cost-Sharing Agreement between Hiscox and Foremost depleted $250,000 that would have been available under the Hiscox Policy for the Federal Court Action merely establishes a relationship. It does not establish dependency or derivative liability. Nothing prevents the SoJo Defendants from filing a lawsuit against Hiscox outside of Foremost's declaratory judgment action. They have not

presented a convincing reason for why they could not do so.

Finally, the SoJo Defendants and Foremost settled all claims between them, "including [the SoJo Defendants'] Counterclaim against Foremost seeking recovery of the limits of the Hiscox Policy based on its claim that Foremost and not Hiscox should have paid the defense costs related to the First Silverboys Complaint." [ECF No. 174, p. 3]. The Undersigned agrees that the Third-Party Complaint should be dismissed for this reason, as well. *See, e.g., Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805-06 (6th Cir. 2008) (upholding dismissal of third-party complaint after settlement and dismissal of original action).

Accordingly, the Court dismisses **without prejudice** the SoJo Defendants' Third-Party Complaint.[4]

Because Hiscox was improperly joined as a third-party defendant, the Court's inquiry could end there; however, the Court will also discuss Hiscox's substantive arguments for dismissal.

### B.     The SoJo Defendants Failed to State a Cause of Action for Breach of Contract.

The SoJo Defendants contend that Hiscox's Motion to Dismiss includes improper attacks on the merits of the Third-Party Complaint by "mount[ing] a defense as to why

---

[4]     *See Southeast Mortgage Co. v. Mullins*, 514 F.2d 747, 750 (5th Cir. 1975) (noting, in a similar context, that "to avoid possible confusion concerning the scope of the res judicata effect of the district court's decision, the dismissal should be granted without prejudice").

Hiscox could not be found liable for breach of contract." [ECF No. 158, p. 6]. Essentially, the SoJo Defendants argue that they sufficiently stated the essential elements of their breach of contract claim by alleging (1) existence of a contract, (2) breach, and (3) damages that resulted from breach. *Id.* at p. 7. The SoJo Defendants claim the inquiry should stop there. *Id.* at p. 7.

In applying the Supreme Court's directives in *Twombly* and *Iqbal*, the Eleventh Circuit has provided the following guidance to the district courts:

> In considering a motion to dismiss, a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Further, courts may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.

*Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (citations omitted).

Here, Hiscox's motion for dismissal is properly based on the factual allegations set forth in the Third-Party Complaint. Hiscox has done nothing improper by addressing the substance of the Third-Party Complaint and arguing that the SoJo Defendants' allegations do not give rise to an entitlement to relief for breach of contract. Therefore, the Court will address Hiscox's arguments for dismissal based on the substance of the Third-Party Complaint.

### i.    The SoJo Defendants Have Not Pleaded a Valid Claim for Damages.

Hiscox first contends that the SoJo Defendants cannot seek damages, an essential element of their breach of contract claim, because the SoJo Defendants already received the full amount recoverable under the Hiscox Policy. [ECF No. 150, p. 10]. For most breach actions in the first-party insurance context, only general damages are recoverable. *See Positano Place at Naples II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-181-SPC-NPM, 2021 WL 1610092, at *2 (M.D. Fla. Apr. 26, 2021) (citing *Sai Hospitality Mgmt. Co. v. Rockhill Ins.*, No. 2:20-cv-00280-JLB-MRM, 2021 WL 463812, at *2 (M.D. Fla. Feb. 9, 2021)). To obtain extra-contractual, consequential damages, a plaintiff must bring a separate bad-faith action. *Id.* (citing *Citizens Prop. Ins. v. Manor House, LLC*, 313 So. 3d 579, 582-83 (Fla. 2021)) (holding that damages beyond the policy's limits are not available as consequential breach of contract damages absent a statutory claim for bad faith).

The SoJo Defendants do not allege damages flowing directly from the breach. For instance, the SoJo Defendants do not contend that Hiscox breached the Hiscox Policy by refusing to pay out the entire $250,000 in aggregate limits, and the Third-Party Complaint plainly asserts that the benefits available under the Hiscox Policy have been paid in full. [ECF No. 133, p. 18]. Instead, they simply say, "[a]s a result of Hiscox's breach, [the SoJo Defendants] suffered and continue to suffer damages." [ECF No. 133, p. 20]. Such consequential breach of contract damages are unavailable absent a statutory claim for bad faith.

Therefore, the Court **grants** Hiscox's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because the SoJo Defendants have not alleged recoverable damages – an essential element of a breach of contract claim.

> ii.     *The SoJo Defendants' Allegation that Hiscox Prematurely Exhausted the Hiscox Policy's Limits Does Not Support a Cause of Action for Breach of Contract.*

The SoJo Defendants also allege that Hiscox breached the Hiscox Policy by prematurely exhausting the Hiscox Policy limits by entering the Cost-Sharing Agreement with Foremost. [ECF No. 133, p. 4]. According to the SoJo Defendants, Foremost's and Hiscox's policies have "Other Insurance" provisions, which show that the Hiscox Policy is "excess" to the Foremost Policies. Thus, the SoJo Defendants argue that Hiscox should not have paid any defense costs or damages unless or until the Foremost Policies were exhausted. *Id*.

The Hiscox Policy's "Other Insurance" provision states:

**G. Other insurance**

This Policy shall be excess insurance over any other valid and collectible insurance ***available to the Insured***, whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written only as a specific excess insurance over the Limit of Liability provided in this Policy.

[ECF No. 44-2, p. 17] (emphasis added).

The Foremost Policies include an "Other Insurance" provision which provides, in relevant part:

### 5. Other Insurance

If valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a. Primary Insurance

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

b. Excess Insurance

This insurance is excess over:

(1) Any other insurance, whether primary, excess, contingent or on any other basis:

(a) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(b) That insures for direct physical loss to premises rented to you or temporarily occupied by you with permission of the owner;

(c) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

(d) If the loss arises out of the maintenance of use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of SECTION I – COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY.

                                         * * *

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any claim or "suit" if any other insurer has a duty to defend the insured against that claim or "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

[ECF No. 133, ¶12].

The plain language of the Hiscox Policy provides that it applies on an excess basis *if* other coverage is "available" to the insured. When the SoJo Defendants tendered the complaint in the State Court Action to Foremost, Foremost *denied* coverage for the SoJo Defendants' defense. [ECF No. 133, p. 14]. According to Foremost, coverage was not

available under its policies because the alleged occurrence took place outside the policies'

coverage territories. *See Foremost Signature Ins. Co. v. Silverboys, LLC*, No. 1:17-CV-20581,

2018 WL 279361, at *1 (S.D. Fla. Jan. 3, 2018). Foremost's position was ultimately

confirmed by this Court in its September 11, 2018 opinion. *See Foremost Signature Ins. Co.*

*v. Silverboys, LLC*, No. 17-20581-CIV, 2018 WL 4334875, at *1 (S.D. Fla. Sept. 11, 2018),

*vacated and remanded sub nom. Foremost Signature Ins., MI v. Silverboys, LLC*, 793 F. App'x

962 (11th Cir. 2019).[5]

Accordingly, the Undersigned finds that Hiscox made a good-faith decision to

enter the Cost-Sharing Agreement with Foremost, which inured to the benefit of the SoJo

Defendants. Moreover, nothing about the Cost-Sharing Agreement was a breach of the

Hiscox Policy's terms or conditions. Therefore, the Undersigned **grants** Hiscox's Motion

to Dismiss and agrees with Hiscox's view that the SoJo Defendants' contention – that

Hiscox breached the Hiscox Policy by entering the Cost-Sharing Agreement – does not

state a claim.

      iii.    ***The SoJo Defendants' Allegations that Hiscox Failed to Appoint Mutually***
                ***Agreeable, Competent Defense Counsel and Failed to Monitor and Control***
                ***the Defense Do Not Support a Cause of Action for Breach of Contract.***

The plain language of the Hiscox Policy provides that Hiscox had the "right and

duty to defend any covered Claim, including but not limited to the appointment of legal

---

[5]      The decision was rendered moot by the Silverboys' dismissal of the State Court Action and the SoJo Defendants' representation that they had not paid significant defense costs out of pocket with respect to that action.

counsel . . . ." [ECF No. 44-2, p. 8]. Hiscox initially appointed Wicker Smith as defense counsel, in accordance with that contractual right. [ECF No. 133, p. 14]. If the SoJo Defendants desired a change in legal counsel, then the Hiscox Policy requires the SoJo Defendants to "request in writing" the right to appoint defense counsel. [ECF No. 44-2, p. 8]. The SoJo Defendants do not allege that they submitted any written request relating to the appointment of defense counsel.

The SoJo Defendants also allege that Hiscox breached the policy by failing to appoint "competent" counsel. [ECF No. 133, p. 20]. "Under Florida law, an insurer is not vicariously liable for the *negligence* of the attorney it retains to defend the insured, so long as the attorney is *competent and qualified*." *Kapral v. GEICO Indem. Co.*, 723 F. App'x 768, 770 (11th Cir. 2018) (emphasis added); *Marlin v. State Farm Mut. Auto. Ins. Co.*, 761 So. 2d 380, 381 (Fla. 4th DCA 2000) ("[B]ecause the insurer exercises no control over the attorney's performance, it is not, absent an agreement, liable for any alleged acts of professional negligence committed by the attorney."); *see also Aetna Cas. & Surety Co. v. Protective Nat'l Ins. Co. of Omaha*, 631 So. 2d 305, 306 (Fla. 3d DCA 1994) (concluding that an insurer "is contractually bound to provide a qualified and competent attorney for the insured, but is not thereafter vicariously responsible for any acts of professional negligence committed by the attorney in handling the case.").

The only factual allegations the SoJo Defendants pleaded to even arguably support their contention that Wicker Smith was not competent appear in paragraphs 27 through

29 of the Third-Party Complaint:

> 27. During Wicker Smith's representation of SoJo Design, Joelsson and Coe, Wicker Smith **negligently** produced privileged documents to Silverboys, revealing the names of other entities owned by Joelsson.

> 28. The receipt of these documents directly resulted in a second lawsuit being filed by Silverboys against two of Joelsson's other entities, Spa Ricci, LLC and 4Teen7ty, LLC, and in those entities being included in the continuing litigation.

> 29. Wicker Smith's representation of SoJo Design, Joelsson and Coe was subsequently terminated. But as a result of Wicker Smith's **negligence**, and the failure to properly control the defense by Foremost and Hiscox, SoJo Design's, Joelsson's and Coe's new defense counsel expended approximately $40,000 attempting to correct the mistakes made by Wicker Smith, thereby further (and improperly) depleting the available coverage under the Hiscox policy.

[ECF No. 133, p. 19] (emphasis added).

Therefore, following the Eleventh Circuit's *Kapral* decision, the Court finds that the SoJo Defendants alleged that Wicker Smith was negligent, but not *incompetent*. As noted above, this allegation does not state a claim under Florida law. *See, e.g., Mosley by & Through Cellini v. Progressive American Insurance Co.*, No. 14-cv-62850, 2018 WL 4208201 (S.D. Fla. Apr. 16, 2018) (following *Kapral*, noting that Plaintiff had not alleged that counsel was incompetent or unqualified, pointing out that Plaintiff merely takes issue with a litigation decision made by the insurer-appointed counsel, and granting motion to dismiss and dismissing with prejudice because an amendment would be futile).

Finally, Hiscox challenges the SoJo Defendants' contention that Hiscox breached its obligations under the Hiscox Policy by failing to monitor and control the defense in

the State Court Action. [ECF No. 150, pp. 19-20]. Hiscox argues that it was not "obligated to supervise the professional conduct of Wicker Smith" and, therefore could not have breached the Hiscox Policy by any alleged failure to do so. *Id.*

It is well-settled that an insurer has no obligation or right to supervise or control the professional conduct of the attorney it selects to defend the insured. *Mosley by & Through Cellini*, 2018 WL 4208201, at *3; *Marlin v. State Farm Mut. Auto. Ins. Co.*, 761 So. 2d 380, 381 (Fla. 4th DCA 2000) ("As the insurer has no obligation or right to supervise or control the professional conduct of the attorney, it is not liable for the litigation decisions of counsel."); *Aetna Cas. & Surety Co. v. Protective Nat'l Ins. Co. of Omaha*, 631 So. 2d 305, 306 (Fla. 3d DCA 1994) ("[A]n insurance company is not vicariously liable for the malpractice of the attorney it selects to defend the insured.").

Therefore, the Court agrees with Hiscox's legal challenge to the SoJo Defendants' claim that Hiscox breached the Hiscox Policy by allegedly failing to appoint mutually agreeable and competent counsel and "monitor and effectively control the defense," and therefore **grants** the Motion to Dismiss.

### C.    Hiscox Did Not Waive its Rule 12(b) Defenses

The SoJo Defendants allege that Hiscox waived its Rule 12(b) defenses by not raising them when they originally answered the Third-Party Complaint in April 2021. At that time, Hiscox filed an answer and affirmative defenses and did not assert the Rule 12(b) defenses, which the Undesigned has analyzed here in the motion to dismiss.

But the SoJo Defendants neglect to mention the Undersigned's ruling from the parties' telephonic scheduling conference, in which the Undersigned stated: "From a pleadings perspective, we're sort of starting on a clean slate." [ECF No. 174-1, p. 36]. Accordingly, the Court rejects the argument that Hiscox waived its defenses to the Third-Party Complaint.

## IV.     Conclusion

For the reasons stated above, the Court **grants** Hiscox's motion to dismiss, and the SoJo Defendants' Third-Party Complaint against Hiscox [ECF No. 133] is **dismissed without prejudice**.

Additionally, Hiscox's and the SoJo Defendants' motions for summary judgment [ECF Nos. 184; 187] and related motions to strike [ECF Nos. 159; 189; 199] are **denied** as moot.

Moreover, the case is removed from the trial docket, and the Clerk is directed to administratively close the case.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on September 13, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record